# IN THE UNITED STATES COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AUSTIN BUTLER,

        CASE NO:

    Plaintiff,

v.

OEM AUTO PARTS, LLC, a Florida Limited
Liability Company, and DOUGLAS INDRUNAS,
an individual,

    Defendant.

_____/

## COMPLAINT AND DEMAND OF JURY TRIAL

Plaintiff, AUSTIN BUTLER (hereafter" Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendants, OEM AUTO PARTS, LLC ("OEM"), and DOUGLAS INDRUNAS ("INDRUNAS") (OEM and INDRUNAS are collectively, "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, declaratory relief, other relief under Article X, Section 24 of the Florida Constitution and reasonable attorney's fees and costs and relief as available under Florida common law.

2. The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court because OEM is headquartered in this Judicial District.

## PARTIES

4. Defendant OEM is a for profit company with its headquarters in Seminole County, Florida.

5. Upon information and belief, Defendant INDRUNAS is the President, as well as an owner, of OEM.

6. Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

7. Plaintiff was an "employee" of Defendants within the meaning of the FLSA and pursuant to common law.

8. Defendants were "employers" within the meaning of the FLSA and pursuant to common law.

9. At all material times, OEM was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA and pursuant to common law.

10. At all material times, Defendants conducted business in the state of Florida.

11. In all years relevant to this Complaint, including the years Plaintiff was employed by Defendants, OEM grossed more than $500,000 in gross sales or revenues.

## STATEMENT OF FACTS

12. Plaintiff was employed by Defendants as a Repair Technician in Orange County Florida, from approximately January 2013 through December 2017.

13. Plaintiff's job duties consisted of repairing and restoring navigation radios acquired by Defendants for resale.

14. Plaintiff was hired as an hourly employee and performed non-exempt work duties for Defendants while serving as a Repair Technician.

15. Defendants also required Plaintiff to perform duties related to its website(s) and logo(s). This included, but was not limited to, initial design of multiple websites, daily maintenance of such websites, content creation for such websites, and logo design work for OEM and such websites (collectively "website work").

16. If Plaintiff performed website work during normal business hours, he did it in addition to his work as a Repair Technician for Defendants, and so he received his regularly hourly rate of pay for such work.

17. However, Plaintiff's primary role and responsibility during normal business horus was doing repair technician work. As a result, nearly all, if not all, the website work he was required to perform on behalf of Defendants occurred outside of normal business hours or on his days off.

18. Plaintiff was not paid anything for website work performed outside of normal business hours or on his days off. Nevertheless, Defendants required him to do perform the website work.

19. At all times, INDRUNAS was involved in the management and operations of Defendant OEM.

20. INDRUNAS acted on behalf of OEM.

21. INDRUNAS also had control over the terms and conditions of Plaintiff's employment.

22. Plaintiff routinely worked between fifty (50) and seventy (70) hours per week while employed by Defendants. Plaintiff should have been compensated at one and one half times his regular rate for all hours Plaintiff worked for Defendants in excess of forty (40) hours per week, as required by the FLSA.

23. With regards to the website work performed outside of business hours by Plaintiff, or on Plaintiff's days off, Plaintiff was not compensated whatsoever for such hours worked. Defendants were required, in the very least, to pay Plaintiff minimum wage for all such hours worked.

24. Defendants knew of should have known that Plaintiff was not properly compensated for all hours worked.

25. Defendants actions were willful and with reckless disregard for the FLSA and the Florida Constitution.

## COUNT I-FLSA MINIMUM WAGE VIOLATIONS

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27. Plaintiff was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a non-exempt employee for Defendants.

28. Plaintiff was entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendants, pursuant to Section 206(a) of the FLSA.

29. Plaintiff was entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendant, pursuant to 29 C.F.R. S. 778.5.

30. Defendants failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks.

31. Defendants were aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

32. Despite its knowledge of these laws, Defendants violated the FLSA's provision on minimum wages (29 U.S.C. §206).

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

34. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the proper minimum wages during one or more workweeks, Plaintiff has suffered damages, and has incurred ongoing reasonable attorneys' fees and costs.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

a. Awarding Plaintiff his unpaid minimum wages as allowable pursuant to the FLSA statute of limitations;

b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other relief the Court deems just and proper.

## COUNT II-FLSA OVERTIME VIOLATIONS

36. Plaintiff re-alleges and re-avers paragraphs 1 through 25 of the Complaint as if fully set forth herein.

37. Plaintiff worked in excess for forty (40) hours per week for which he did not receive overtime compensation at the statutory rate of one and one-half times Plaintiff's regular rate of pay required by the FLSA.

38. Plaintiff was legally entitled to overtime pay at the statutory rate of one and one half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per week.

39. Defendants' actions were willful and/or showed reckless disregard for the FLSA as evidence by Defendants' failure to compensate Plaintiff at the statutory rate of one and one half times Plaintiff's regular rate of pay, when they knew or should have known Plaintiff was entitled to overtime compensation.

40. As a result of Defendants' intentional willful and unlawful acts, Plaintiff has suffered damages and lost compensation for all the time he worked over forty (40) hours per week.

41. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §2l6(b).

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

a. Declaring Defendants have violated the FLSA;
b. Awarding Plaintiff overtime compensation in the amount due him for all hours worked over forty (40) hours per week for the three years preceding this filing;
c. Awarding Plaintiff liquidated damages in the amount of the overtime award;
d. Awarding Plaintiff attorney's fees and costs and expenses;
e. Awaiting Plaintiff pre-judgment interest, if applicable; and
f. Ordering any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter or right by jury.

Dated this 22nd of August, 2019.

        Respectfully,

        /s/ Richard V. Blystone
        Richard V. Blystone
        Florida Bar No. 0017207
        **COTNEY CONSTRUCTION LAW, LLP**
        919 Lake Baldwin Lane Suite A
        Orlando, Florida 32814
        Tel:  407-378-6575
        Fax:  813-902-7612
        rblystone@cotneycl.com
        tdm@dolneylaw.com
        courtfilings@cotneycl.com
        *Attorney for Plaintiff*